# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 18, 2025

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| BRENT KEJR, *as parent and natural guardian of C.K.*, | * | No. 19-1166 |
| | * | Special Master Young |
| Petitioner, | * | |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Elizabeth Abramson*, Maglio Christopher & Toale, P.A., Washington, DC, for Petitioner;
*Catherine Stolar*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 12, 2019, Brent Kejr, ("Petitioner"), as parent and natural guardian of C.K., filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. §§ 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that the diphtheria, tetanus, and acellular pertussis ("Dtap") and hepatitis A ("Hep A") vaccines that C.K. received on October 25, 2017, caused him to suffer from Henoch-Schonlein purpura ("HSP"). Pet. at 1, ECF No. 1. On September 27, 2024, the parties filed a joint stipulation, which I adopted as my decision awarding compensation on the same day. ECF No. 72.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On November 14, 2024, Petitioner filed a final motion for attorneys' fees and costs incurred by Petitioner's current counsel, Maglio Christopher & Toale, P.A. (mctlaw) and by Petitioner's prior counsel, Kennedy Berkley. ("Pet'r's Mot. for AFC") (ECF No. 77). Petitioner requests compensation as follows: for mctlaw, a total of $16,586.29, representing $16,527.00 in attorneys' fees and $59.29 in attorneys' costs; and for Kennedy Berkley, a total of $37,293.90, representing $22,175.00 in attorneys' fees and $15,118.90 in attorneys' costs. Pet'r's Mot. for AFC at 2-3. Pursuant to General Order No. 9, Petitioner states that he has not personally incurred any costs related to the litigation of this matter. Ex. 19. Respondent responded to the motion on November 20, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2, 4. (ECF No. 78). Petitioner filed a reply on December 9, 2024. ECF No. 79.

This matter is now ripe for consideration.

I.   **Reasonable Attorneys' Fees**

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of her or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1). Here, because Petitioner was awarded compensation pursuant to a stipulation, he is entitled to a final award of reasonable attorneys' fees and costs.

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Human Servs.*, 22 Cl. Ct. 750, 753 (1991). ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and

2

reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

### A.  mctlaw

#### 1. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his attorneys at mctlaw for work performed in 2024: $320.00 per hour for Ms. Elizabeth Abramson; $480.00 per hour for Ms. Danielle Strait; and, $560.00 per hour for Ms. Diana Stadelnikas. Petitioner also requests $190.00 per hour for paralegal work performed in 2024. Ex. 17. These rates are consistent with what counsel have previously been awarded for their Vaccine Program work, and I find them to be reasonable herein.

#### 2. Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g., Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Human Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the

---

[3] The OSM Fee Schedules are available at: https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $16,527.00.

### B. Kennedy Berkley

#### 1. Reasonable Hourly Rates

Petitioner requests the following rates of compensation for his counsel at Kennedy Berkley: for Mr. Lawrence G. Michel, $350.00 per hour for work performed from 2019-2023; for Ms. Laurel Michel Driskell, $80.00 per hour for work performed in 2019; for Mr. Leland Spires, $275.00 per hour for work performed in 2024; and for the paralegals, $80.00 per hour for work performed from 2019 to February 2023, and $100.00 per hour for work performed in August 2023. With the exception of Ms. Driskell, these rates require adjustment.

##### a. *Mr. Lawrence (Larry) G. Michel*

Mr. Michel's requested rate of $350.00 per hour exceeds what he has been previously awarded in the Vaccine Program for work performed from 2019, through 2022. *See, e.g., Steffens v. Sec'y of Health & Human Servs.*, No. 19-556V, 2023 WL 6464920, (Fed. Cl. Spec. Mstr. Aug. 24, 2023). In *Steffens*, Mr. Michel was awarded $300.00 per hour for work performed from 2019-2021, $325.00 per hour for work performed in 2022, and $350.00 per hour for work performed in 2023. I find no reason to deviate from the previously awarded rates and will award them herein. Application of these rates results in a reduction of **$1,912.50**.[4]

##### b. *Mr. Leland Spires*

Petitioner also requests that work performed by an associate attorney, Ms. Mr. Leland Spires, be compensated at $275.00 per hour (all work by Mr. Spires was performed in 2024). *See* Ex. 16 at 6. However, I note that Mr. Spires is not currently admitted to practice law before the Court of Federal Claims, and Petitioner has provided no evidence to suggest that Mr. Spires has ever been so licensed.[5] Accordingly, I cannot compensate his work in this case at attorney rates. *See Schmidt v. Sec'y of Health & Human Servs.*, No. 17-913V, 2020 WL 1528428, at *3 (Fed. Cl. Spec. Mstr. Feb. 23, 2020); *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157727, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). Accordingly, Mr. Spires' work must be compensated at paralegal rates, which in this case is $80.00 per hour. This results in a reduction of **$429.00**.[6]

---

[4] This amount is calculated as: (($350 - $300) x 30.6 hrs.) + (($350-$325) x 15.3 hrs.) = $1,912.50.

[5] The Clerk's Office of the Court of Federal Claims confirmed that Mr. Spires is not admitted to the Court's bar as of the date of this decision.

[6] This amount is calculated as: (($275 - $80) x 2.2 hrs.) = $429.00.

### c. *Paralegals*

Finally, Petitioner requests compensation for paralegal work at $80.00 per hour through February 2023, and then $100.00 per hour in August 2023. *See* Ex. 16 at 1-6. While a rate increase for paralegal work is not necessarily objectionable, the Vaccine Program typically does not award increased hourly rates mid-year. *See*, e.g., *Pryor v. Sec'y of Health & Human Servs.*, No. 18-1288V, 2022 WL 17973236, at *4 (Fed. Cl. Spec. Mstr. Dec. 28, 2022). Accordingly, I will award $80.00 per hour for all of the paralegal work performed in 2023, resulting in a reduction of **$10.00**.[7]

### 2. **Reasonable Number of Hours**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521 (quoting *Hensley*, 461 U.S. at 434). It is well-established that billing for administrative or clerical tasks is not permitted in the Vaccine Program. *See e.g., Rochester v. United States*, 18 Cl. Ct. 379, 387 (1989) (stating that services that are "primarily of a secretarial or clerical nature . . . should be considered as normal overhead office costs included within the attorneys' fee rates"); *see also Isom v. Sec'y of Health & Human Servs.,* No. 94-770, 2001 WL 101459, at *2 (Fed. Cl. Spec. Mstr. Jan. 17, 2001) (agreeing with Respondent that tasks such as filing and photocopying are subsumed under overhead expenses); *Walters v. Sec'y of Health & Human Servs.*, No. 15-1380V, 2022 WL 1077311, at *5 (Fed. Cl. Spec. Mstr. Feb. 23, 2022) (failing to award fees for the review of CM/ECF notifications and the organization of the file); *McCulloch*, 2015 WL 5634323, at *26 (noting that clerical and secretarial tasks should not be billed at all, regardless of who performs them).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $19,823.50.

## II. Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992).

### A. mctlaw

Petitioner requests a total of $59.29 in attorneys' costs comprised of electronic signature services and postage. Ex. 18. These costs have been supported with the necessary documentation and are reasonable. Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $59.29.

---

[7] This amount is calculated as: (($100 - $80) x 0.5 hrs.) = $10.00.

### B. Kennedy Berkley

Petitioner requests a total of $15,118.90 in attorneys' costs comprised of acquiring medical records, the Court's filing fee, medical record translation service, a medical journal article, and expert services provided by David Axelrod, M.D., at a rate of $400.00 per hour for 35.5 hours, totaling $14,200.00. Ex. 16 at 6-7.

In his motion for attorneys' fees and costs, Petitioner explained that in November 2023, Mr. Michel, Petitioner's former counsel, left Kennedy Berkley for another employment opportunity, and his current counsel (Ms. Abramson) was retained because "[n]one of the remaining attorneys at Kennedy Berkley [were] admitted to practice before the U.S. Court of Federal Claim[s] . . . ." Pet'r's Mot. for AFC at 1. Initially, Petitioner provided no receipts or invoices to support or substantiate the costs incurred by Kennedy Berkley. Ms. Abramson was notified of the missing documentation; and on June 10, 2025, Petitioner filed some invoices and receipts that were provided by Ms. Abramson's contact at Kennedy Berkley. *See* Ex. 23. Ms. Abramson explained via email, however, that the documentation filed was "everything" and that "no other documentation was found." Informal Comm., docketed June 9, 2025. Although receipts and invoices were provided for *some* of Kennedy Berkley's expenses, there was no supporting documentation for the following costs:

- 05/03/2019 - Payment to ScanStat for SRHC medical records - $153.20;
- 05/16/2019 – Children's Mercy Hospital; medical records - $20.00;
- 08/12/2019 - Fee to initiate case with the Vaccine Court - $400.00;
- 06/15/2020 - Payment to Link Translations, Inc. to translate medical records from Indonesia per the May Court Order - $95.00.
- 06/23/2020 - Payment to Link Translations, Inc. to translate medical records from Indonesia per the May Court Order.- Prodia Lab- $115.00;
- 03/24/2021 - Payment to David Axelrod, M.D. Expert Report (Response) #019927 - $2,900.00.
- 04/27/2023 - Payment to ScanStat for SRHC medical records - $25.00.

*See* Ex. 16 at 6-7; Ex. 23.

Petitioners bear the burden of substantiating and establishing the reasonableness of costs expended with "supporting documentation such as receipts, invoices, canceled checks, etc." *Solomon v. Sec'y of Health & Human Servs.*, No. 14-748V, 2016 WL 8257673, at *8 (Fed. Cl. Spec. Mstr. Oct. 27, 2016) (quoting *Ceballos v. Sec'y of Health & Human Servs.*, No. 99-097V, 2004 WL 784910, at *13 (Fed. Cl. Spec. Mstr. Mar. 25, 2004)). Special masters, however, have awarded compensation for costs without documentation when they are "satisfied that the costs incurred were related to the proceedings ... and were reasonable." *Erickson v. Sec'y of Health & Human Servs.*, No. 96–361V, 1999 WL 1268149, at *8 (Fed. Cl. Spec. Mstr. Dec. 10, 1999); *see also English v. Sec'y of Health & Human Servs.*, No. 01–61V, 2006 WL 3419805, at *14–15 (Fed. Cl. Spec. Mstr. Nov. 9, 2006) (allowing payment for computer research even though no documentation was provided).

6

Given Mr. Michel's departure from Kennedy Berkley over a year a half ago, and Petitioner's subsequent retention of a different firm, I recognize that obtaining contemporaneous receipts and invoices may present a significant challenge for Petitioner. Accordingly, although the above-listed expenses lack supporting documentation, I will award the requested costs, as they appear to be reasonable for the following reasons.[8] First, the petition and docket text provide a receipt (Receipt number 9998-5564418) for the $400 filing fee. Next, the expenses related to the acquisition of medical records correspond with hospitals where Petitioner filed medical documentation as exhibits. *See* Exs. 1, 3, 15. Regarding the translation services, exhibits four through six contain medical records from Singapore and Indonesia which state that they had been translated by Link Translations, which was also stated on Petitioner's list of attorneys' costs. Finally, regarding the $2,900 expense for an expert report by Dr. Axelrod, on March 8, 2021, Petitioner was ordered to provide a responsive supplemental expert report. *See* Scheduling Order (Non-PDF), March 8, 2021. On May 7, 2021, Petitioner filed a responsive expert report, which was authored by Dr. Axelrod. *See* Ex. 10. This expert report appears to correspond with Petitioner's March 24, 2021 expense for "Payment to David Axelrod, M.D. Expert Report (Response) #019927" for $2,900.00. *See* Ex. 16 at 7. Because these costs have been otherwise substantiated and are reasonable, I will award them in full.

The remainder of the costs, including expenses related to Dr. Axelrod's expert services have been supported with the necessary documentation and are also reasonable.

Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $15,118.90.

### III. Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and find that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and his counsel as follows:

| mctlaw | |
|---|---|
| Attorneys' Fees Requested | $16,527.00 |
| (Reduction of Fees) | - |
| **Total Attorneys' Fees Awarded** | **$16,527.00** |
| | |
| Attorneys' Costs Requested | $59.29 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$59.29** |
| | |
| **Total Attorneys' Fees and Costs (mctlaw)** | **$16,586.29** |
| | |

---

[8] Counsel is warned that their clients must provide sufficient evidence to substantiate the costs for which they are requesting reimbursement. While allowed in this case, future requests from petitioners with insufficient documentation may result in the reduction or denial of said costs.

| **Kennedy Berkley** | |
|---|---|
| Attorneys' Fees Requested | $22,175.00 |
| (Reduction of Fees) | ($2,351.50) |
| **Total Attorneys' Fees Awarded** | **$19,823.50** |
| | |
| Attorneys' Costs Requested | $15,118.90 |
| (Reduction of Costs) | - |
| **Total Attorneys' Costs Awarded** | **$15,118.90** |
| | |
| **Total Attorneys' Fees and Costs (Kennedy Berkley)** | **$34,942.40** |

**Accordingly, I award the following:**

1) **a lump sum in the amount of $16,586.29 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (mctlaw) IOLTA account for prompt disbursement.**

2) **a lump sum in the amount of $34,942.40 representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's (Kennedy Berkley) IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[9]

**IT IS SO ORDERED**.

s/Herbrina Sanders Young
Herbrina Sanders Young
Special Master

---

[9] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.